# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LARRY BARBER,**
**MATTHEW LEVI FAISON,**
**and ELBERT JOHNSON,**

      **Plaintiffs,**

**vs.**                     **Case No. 4:23cv214-AW-MAF**

**ODELL JUSTICE, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon referral from the Clerk of Court.

Three prisoner Plaintiffs have submitted a civil rights complaint pursuant to

42 U.S.C. § 1983, ECF No. 1.  The complaint seeks to assert at least

tangentially related claims on behalf of each Plaintiff.  The facts are not

properly presented to support the claims asserted, but a larger problem is

that the complaint is signed only by Plaintiff Elbert Johnson.  All parties in a

civil action must sign the complaint form.  The initial complaint is deemed

insufficient because it was signed only by one of the three Plaintiffs.

Also submitted with the complaint is a motion for in forma pauperis status, ECF No. 2.  Again, the motion is signed only by Plaintiff Elbert Johnson.  The Eleventh Circuit Court of Appeals made clear in <u>Hubbard v. Haley</u>, "that the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'"  <u>Hubbard v. Haley</u>, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)).  The court determined that "the intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."  262 F.3d at 1198.  In so holding, the court implicitly found that multiple prisoners may not bring a joint civil action if they proceed in forma pauperis because the PLRA requires each prisoner to pay the full amount of a filing fee.  *See* 28 U.S.C. § 1915(b)(1).  Put simply, multiple prisoners are not entitled to join their claims together unless the full amount of the filing fee is paid at the time of case initiation.

Therefore, because the filing fee was not paid and the Plaintiffs incorrectly attempted to proceed with in forma pauperis status, this case cannot proceed as filed.  If all three Plaintiffs listed on the title page of the complaint desire to bring the same or similar claims, they must do so in

multiple cases with each Plaintiff submitting his own in forma pauperis motion.

Furthermore, a statement within the complaint asserts that this case is a "class action lawsuit" brought under Rule 23 of the Federal Rules of Civil Procedure.  Under 28 U.S.C. § 1654, the general provision permitting parties to proceed pro se, the personal right to litigate one's own case "does not extend to the representation of the interests of others." Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (holding that a private individual may not bring a qui tam suit pro se); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that an inmate "is not qualified to file an action for the release of his fellow inmates from solitary confinement"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that an imprisoned litigant, unassisted by counsel, cannot represent his fellow inmates in a class action).  Even though the Plaintiffs did not file a Rule 23 motion for class action certification, they are advised that a prerequisite for a class action is a finding by the Court that the representative party or parties can "fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  It is well established that a pro se plaintiff "cannot be an adequate class representative."  Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978) (citing Oxendine, 509 F.2d at

1407).  "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"  Oxendine, 509 F.2d at 1407 (quoted in Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)); *see also* Bass v. Benton, 408 F.App'x 298, 299, 2011 WL 118246, *1 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983 complaint on basis that he "may not represent the plaintiffs in a class action suit").  Thus, the three pro se inmates are not permitted to proceed with a claim as a class action lawsuit absent the assistance of counsel.

For all the reasons stated above, this case should be dismissed.  If any of the Plaintiffs want to proceed with the claims asserted, they must do so in separate cases.  Additionally, each Plaintiff must submit his own in forma pauperis motion.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because multiple prisoner Plaintiffs cannot join together to bring an action with in forma pauperis status, and the in forma pauperis motion be denied.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2023.

  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**